UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRITTNEY MENEFEE, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>TACOMA PUBLIC SCHOOL DISTRICT NO. 10, et al.,<br><br>                Defendants. | CASE NO. C17-6037 BHS<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/TO QUASH SUBPOENA AND ORDERING THAT THE PARTIES MEET AND CONFER |

This matter comes before the Court on the filing of Kristin Pleasant, a nonparty in this action. Dkt. 41. Kristin Pleasant moves to prevent disclosure and quash subpoenas issued on Defendants in this action that require the production of "any form of documentation including school records, emails (formal and informal) and any other documentations made by other parties that reference J.P." *Id.* at 1. However, the Federal Rules of Civil Procedure authorize only "[a] party or any person from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). *See also SEC v. Tucker*, 130 F.R.D. 461, 462 (S.D. Fla. 1990) (the Office of the U.S. Attorney was neither a party nor a person from whom discovery was sought and was required to intervene in order to seek protection for certain documents); *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984) (finding a nonparty may properly intervene to protect the disclosure of

privileged documents). As Ms. Pleasant is a nonparty and has not sought to intervene in this case pursuant to Fed. R. Civ. P. 24, her present motion is **DENIED** as it is procedurally defective. The Court advises Ms. Pleasant that if she wishes to participate more directly in controlling the manner in which the designated materials are handled by the parties in this case, it may be necessary that she obtain counsel to aid her efforts.

Nonetheless, the Court notes that the requested discovery pertaining to J.P., while relevant and necessary to Plaintiffs' ability to pursue their claims, does implicate highly sensitive information. Accordingly, the Court sua sponte orders that the parties meet and confer on the issue of whether a more carefully-tailored and restrictive protective order is necessary with regards to discovery of documentation regarding J.P. (and perhaps other minors) than the stipulated order already filed before the Court. Preferably, the parties' conference, telephonic or otherwise, will include Ms. Pleasant to some extent in light of her interest in protecting any potentially confidential and privileged material regarding J.P. The parties shall then issue an additional stipulated protective order or a joint status report informing the Court of their conference and its outcome. Until such a conference occurs, any outstanding discovery pertaining to documentation involving J.P. is **STAYED**.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge