UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRITTNEY MENEFEE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TACOMA PUBLIC SCHOOL<br>DISTRICT NO. 10, et al.,<br><br>　　　　　Defendants. | CASE NO. C17-6037 BHS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>PROTECTIVE ORDER |

This matter comes before the Court on Defendant Sandra Holmes's motion for a protective order. Dkt. 17. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. BACKGROUND

Plaintiff seeks to subpoena medical records from the Defendant's psychotherapist and physician. Dkt. 18-1 at 2–3. The parties conferred on March 20, 2018, in hopes of resolving their dispute over discovery but were unsuccessful. As a result, Defendant moves for a protective order from this Court, pursuant to Fed. R. Civ. P 26 and 45. On

March 28, 2018, Plaintiff responded in opposition to the Defendant's motion. Dkt. 21. Defendant replied to the opposition on March 30, 2018. Dkt. 23.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders in civil matters. Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th. Cir. 2005); Fed. R. Civ. P. 26(b)(1). A court may enter a protective order denying such discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). A party seeking a protective order may override this presumption by demonstrating "good cause" that the information should be protected from public disclosure. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). District courts are vested with broad discretion in determining whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002). Courts are required to modify or quash subpoenas that present an undue burden or require the disclosure of privileged or protected matter. Fed. R. Civ. P. 45(d)(3)(A). Whether a subpoena imposes an undue burden depends on the relevance of the information requested and the burden imposed. *See Rollins v. Traylor Bros., Inc.*, 2017 WL 1756576, at *2 (W.D. Wash. May 5, 2017).

### A. Psychotherapist Privilege

First, Defendant seeks to protect her psychotherapy records with her therapist, Tammy Tangen. Dkt 18-1 at 2. While the Defendant invokes psychotherapist-patient privilege, Plaintiff argues that the Defendant waived that privilege when she disclosed the details of her treatment to apply for medical leave and worker's compensation. Dkt. 21 at 9.

The psychotherapist-patient privilege protects confidential communications between a licensed psychotherapist and a patient in the course of diagnosis or treatment. *See Jaffee v. Redmond*, 518 U.S. 1, 15, 10–18 (1996). Records of these types are protected from disclosure under Federal Rules of Evidence 501. *Id*. Moreover, a court cannot compel disclosure by balancing the need for information against the patient's privacy rights. *Adams v. BNSF Ry. Co.*, 2014 WL 4415985, at *2 (E.D. WA. 2014) (citing *Jaffee*, 518 U.S. at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege")). However, a patient may waive the psychotherapist-patient privilege by knowingly and voluntarily disclosing the substance of her therapy sessions to unrelated third parties. *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013).

Here, Plaintiff argues that the Defendant waived her privilege when she previously disclosed her medical information to apply for medical leave and worker's compensation. While the Ninth Circuit has not explicitly ruled on this issue, district courts have concluded that a party cannot selectively use his or her psychotherapist's records to

pursue monetary benefits and then invoke the psychotherapist-patient privilege in a separate matter to protect those records from disclosure. *See In re Grand Jury Investigation*, 114 F. Supp. 2d 1054, 1056 (D. Or. Sept. 15, 2000) ("[submitting medical records in support of a claim for monetary benefits] is no different than submitting medical records to a tortfeasor's insurance carrier in connection with a demand for damages associated with bodily injuries caused by an automobile accident"); *United States v. Hudson*, 2013 WL 4768084, at *4 (D. Kan. Sept. 5, 2013) ("Defendant made the tactical decision to disclose information on confidential psychotherapy sessions in an attempt to obtain disability benefits from the State of Kansas. He cannot now invoke the psychotherapist-patient privilege to bar the federal government from using the same information to show that he committed a crime.").

Under this standard, the Court finds that Plaintiff did not waive privilege when she filed for medical leave in September 2013, pursuant to the Family and Medical Leave Act. Although the United States Department of Labor is an unrelated third party to this action, Plaintiff disclosed her psychotherapy information to treat or recover from an illness, not to seek monetary benefits. Accordingly, such a disclosure does not show that Plaintiff is improperly using assertions of privilege as both a "sword and shield." *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229–30 (D. Mass. 1997) (holding that the psychotherapist-patient privilege is waived "if communication between the two is put at issue by the patient, for example, where the cause of action relies on advice or findings of the psychotherapist. Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield.").

However, the Court is convinced that Defendant Sandra Holmes waived her psychotherapist-patient privilege, at least to some extent, when she filed for worker's compensation with the State of Washington. Defendant listed her psychotherapist, Tammy Tangen, as a "Miscellaneous" party on her worker's compensation claim. Dkt. 21-1 at 60. Additionally, communications regarding Defendant Sandra Holmes's worker's compensation claim make clear that her worker's compensation claim was predicated on psychological trauma and that it therefore disclosed and "relie[d] on advice or findings of the psychotherapist." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003). Dkt. 21-1 at 57, 59, 62. Nonetheless, the Court notes that the Department of Labor's "Order and Notice" form that the Plaintiff offers is very limited as to what evidentiary value it provides, other than the fact that Defendant's worker's compensation claim was denied to the extent it claimed compensation for anxiety that was the result of a preexisting medical condition, not a work place injury. Although Tammy Tangen's name and address appear on the order, it is unclear to what extent her privileged records were offered to the Department of Labor in support of her claim. Before the Court would order that the requested discovery be produced, it would request supplemental briefing regarding the extent to which her privileged information was waived or whether the worker's compensation claim constituted a wholesale waiver of the privilege. However, such supplemental briefing is unnecessary at this time because, as discussed below, the Court finds that the requested protective order should be granted at present for other reasons.

## B. Physician Privilege

Next, Defendant seeks to protect all medical records with her physician, Dr. Brendon Hutchinson, under a claim of privilege. "The physician-patient privilege is not recognized by federal common law, federal statute, or the U.S. Constitution." *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003). Plaintiffs note that Dr. Hutchinson is Defendant's primary care physician who participated in the Defendant's psychological treatment. Dkt. 21 at 9 n.34. Thus, similar to records with Tammy Tangen, Plaintiffs argue that Defendant waived any privilege she had over her medical records with Dr. Hutchinson because she filed for worker's compensation. *Id.* The Court finds that such an argument is unnecessary here and the psychotherapist-patient privilege is inapplicable based on the lack of evidence that Dr. Hutchinson presented himself as Defendant's licensed psychotherapist. Accordingly, the Court finds that medical records from Dr. Hutchinson are not privileged.

## C. Privacy Considerations

While the Court has determined that the subject records are not privileged, the Court must still determine if the information sought is relevant and whether the requested discovery should be denied for some other reason. Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If the party seeking discovery establishes that the discovery request satisfies this relevance requirement, the Court may nonetheless limit discovery to the extent an opposed party can show that "the burden or expense of

the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court also considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues." *Id.* The party opposing discovery has the burden of showing that the discovery should be prohibited. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quotation marks omitted).

Although the exact date of when the Defendant filed her claim is unknown, a copy of an Order and Notice from the State of Washington Department of Labor and Industries indicates that a preliminary decision was made on March 27, 2014. Dkt. 28 at 59. Thus, there is at least some rational basis to infer that any attendant medical records bearing on Defendant's mental well-being might be relevant to Plaintiffs' claims, considering the allegations that T.D.F. was assaulted in class by a male student on February 7, 2014. Dkt. 1 at 6–7.

Nonetheless, the Court finds that at this time, the burden of intruding upon Defendant's private medical history substantially outweighs Plaintiffs' need for the requested information in pursuing their claims. Plaintiffs argue that Defendant Sandra Holmes's psychological condition is relevant to the issue of whether the School District allowed her to teach in deliberate indifference to the students' safety, despite being aware

of a dangerous mental health condition. However, at this stage of litigation, Plaintiffs have not asserted sufficient facts that illustrate any clear connection between Defendant Holmes's psychological condition and T.D.F.'s injuries. In other words, Plaintiffs have not illustrated a sufficient connection to how the alleged mental health concerns of Sandra Holmes, namely her anxiety, might have contributed to T.D.F. being assaulted. The mere fact that Defendant was undergoing some treatment at the time of T.D.F.'s injury does not, on its own, justify prying into Defendant Holmes's entire medical history. Such an invasion outweighs the likely benefits of the requested discovery absent some further corroborating information showing that it is proportional to the needs of the case.

The Court also notes that it appears Plaintiffs' discovery request is overly broad, as it seeks to obtain all of Defendant Holmes's medical records without limitation. Dkt. 18-1 at 3. When dealing with such sensitive information as health records, a discovery request should be tailored in at least some respect to the relevant information that the requesting party hopes to gain. *See Rollins v. Traylor Bros., Inc.*, 2017 WL 1756576, at *2 (W.D. WA. May 5, 2017) (citations omitted). Even if Defendant Sandra Holmes's medical records are relevant to the case, and Plaintiffs are later able to show that discovery into such private information is warranted by the needs of the case, Plaintiffs have not tailored their discovery request to any specific timeframe, medical condition, or injury of the parties.

For now, the Court will grant Defendant's motion for a protective order. If Plaintiffs discover information corroborating some likelihood that the physical or mental

condition of Defendant Holmes contributed to the risk of T.D.F.'s injury, the Court may reconsider its present decision.

### III.  ORDER

It is hereby **ORDERED** that Defendant Sandra Holmes's Motion for Protective Order (Dkt. #17) is **GRANTED**.

Dated this 7th day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge